## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

DERICK A. GEIGER,

        Petitioner,

v.                                                CIVIL ACTION NO.  2:05-cv-00166
                                                  (Criminal No. 2:01-cr-00261-05)

UNITED STATES OF AMERICA,

        Respondent.

### MEMORANDUM OPINION AND ORDER

Pending before the court is the petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 [Docket 688]. This action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and recommended that the court grant the petitioner's § 2255 motion. Neither party filed objections to the Magistrate Judge's findings and recommendation.

The failure of a party to object to a Magistrate's findings and recommendation constitutes a waiver of *de novo* review by the district court and a waiver of appellate review by the circuit court of appeals. *Thomas v. Arn*, 474 U.S. 140 (1985); *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Nevertheless, the district court should not accept a Magistrate Judge's recommendation that contains an error of law apparent on its face. *Camby v. Lester*, 718 F.2d 198, 199-200 (4th Cir.

1983). The court has reviewed the findings and recommendation and **FINDS**, for reasons stated herein, that the Magistrate Judge's recommendation contains a clear error of law.

**I. Factual Background**

In September of 2002, a federal grand jury charged the petitioner and six others with various controlled substance offenses in a twelve count superseding indictment. Petitioner was charged with one count of conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base, more than five kilograms of cocaine, and more than 100 kilograms of marijuana in violation of 21 U.S.C. § 846 (Count Two). Petitioner was also charged with possession of marijuana with intent to deliver for remuneration in violation of 21 U.S.C. § 841(a)(1) (Count Twelve). Attorney Donald L. Stennett was appointed to represent the petitioner on those charges.

On December 17, 2002, petitioner waived his right to indictment and entered a guilty plea pursuant to a written plea agreement, to a one count Information alleging conspiracy to distribute more than 50 kilograms of marijuana. At his sentencing on May 15, 2003, petitioner objected to relevant conduct attributed to him by Arbera Ross. After testimony by Mr. Ross, the court overruled petitioner's objection and found that 11, 853.864 kilograms of marijuana equivalent was attributable to the petitioner. After calculating the petitioner's appropriate Guideline range, the court sentenced petitioner to a term of 168 months imprisonment followed by a three-year term of supervised release. This sentence was at the bottom of the Guideline range.

Petitioner filed a consolidated appeal of his sentence along with his co-defendant Lorenzo Venson in the United States Court of Appeals for the Fourth Circuit. Petitioner challenged the credibility of Arbera Ross and, thus, the amount of relevant conduct attributed by Mr. Ross to the

defendant. On May 4, 2004, the Fourth Circuit affirmed the petitioner's sentence in its entirety. *United States v. Geiger*, 96 F. App'x 863 (4th Cir. May 4, 2004) (per curiam) (unpublished).

After the Fourth Circuit issued its decision, Mr. Geiger notified Mr. Stennett that he wished to file a petition for writ of certiorari in the United States Supreme Court, particularly upon the issues raised in *Blakely v. Washington*, 542 U.S. 296 (2004). (Stennett Aff. ¶ 6.) In calendaring the ninety day time limit[1] for submission of the petition, Mr. Stennett counted ninety days from the Fourth Circuit's issuance of the mandate rather than ninety days from issuance of the judgment. (Stennett Aff. ¶ 7.) After missing the Supreme Court's ninety day deadline, Mr. Stennett prepared a § 2255 motion and forwarded it to Mr. Geiger with instructions to file the motion in this court.

On February 23, 2005, the petitioner, acting pro se, filed the instant § 2255 motion alleging the following grounds for relief: (1) his sentence was increased based on facts not admitted to in violation of his Fifth and Sixth Amendment rights and his counsel's assistance was ineffective for failure to challenge the same at sentencing and on appeal; (2) the district court was without jurisdiction to impose enhancements to petitioner's sentence based on the Supreme Court's *Booker* decision; (3) ineffective assistance of trial counsel based upon counsel's failure to allow petitioner to testify at sentencing; (4) ineffective assistance of counsel based on counsel's failure to challenge an alleged breach of the plea agreement.

**II. Discussion**

The Magistrate Judge found that the petitioner is not entitled to collateral relief on grounds two, three, and four asserted in his § 2255 motion. She recommended that the court deny

---

[1] *See* Sup. Ct. R. 13 (allowing ninety days from the issuance of the judgment or order sought to be reviewed, and not from the issuance of the mandate).

petitioner's motion on those grounds. The Magistrate Judge did, however, find that Mr. Geiger is entitled to relief on his first ground–ineffective assistance of appellate counsel. She found that Mr. Stennett's representation of the petitioner fell below an objective standard of reasonableness in that he failed to preserve the defendant's right to pursue his direct appeal to the United States Supreme Court. Thus, the Magistrate Judge concluded that the petitioner was denied effective assistance of counsel in connection with his post-*Blakely* appeal and he suffered prejudice because there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different and petitioner's case likely would have been remanded for proceedings consistent with *Booker*. (Prop. Find. & Rec. 20–21.) The court disagrees with the Magistrate Judge's findings only with respect to petitioner's first ground for relief.

In accordance with his duties pursuant to the Fourth Circuit's implementation of the Criminal Justice Act of 1984 ("CJA plan"),[2] Mr. Stennett informed petitioner of his right to file a petition for certiorari, but his representation went no further to preserve petitioner's direct appeal. Though petitioner advised Mr. Stennett that he wished to have Mr. Stennett file a petition for writ of certiorari in light of *Blakely*, Mr. Stennett missed the Supreme Court's filing deadline. Instead, Mr. Stennett prepared the instant § 2255 motion and forwarded it to petitioner with instructions to file it with this court. Petitioner, thus, missed out on the only way to obtain review of his case in light of *Blakely*, which was to continue his direct appeal.

It may have been unreasonable to miss the filing deadline and instead to file a collateral challenge to Mr. Geiger's conviction and sentence, in hopes that the Supreme Court would apply

---

[2] *See* Plan of the United States Court of Appeals for the Fourth Circuit, In Implementation of the Criminal Justice Act, § V, P 2 (July 14, 2005); Criminal Justice Act, 18 U.S.C. § 3006A (2006).

*Blakely* retroactively on collateral review. It is a rare occurrence indeed for the Supreme Court to apply any of its decisions retroactively on collateral review.

Nevertheless, the competency of appellate counsel's representation of Mr. Geiger is irrelevant in this case unless petitioner can make out a valid constitutional claim. Before I can decide whether Mr. Geiger was deprived of the constitutional right to the effective assistance of counsel, I must first determine whether he had this right in the first place.

The constitution guarantees a criminal defendant the right to the effective assistance of counsel on his first appeal as of right. *Evitts v. Lucey,* 469 U.S. 387 (1985). But the constitution does not require counsel be provided to a defendant seeking to file a certiorari petition in the United States Supreme Court. *Ross v. Moffitt*, 417 U.S. 600, 617–18 (1974). Mr. Geiger's assertion of a right to the effective assistance of counsel must rest on one of two premises. He must argue either that (1) a constitutional right to the effective assistance of counsel can exist even when there is no constitutional right to counsel; or (2) counsel's advice is properly characterized as advice in his continuing role as direct appellate counsel, not certiorari counsel.

I must reject the first argument. In *Wainwright v. Torna*, 455 U.S. 586 (1982) (per curiam), the Supreme Court made clear that the right to effective assistance of appellate counsel is derived entirely from the constitutional right to appellate counsel and the former cannot exist where the latter is absent. The Court stated, "Since respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel." *Id*. at 587–88. *Torna* applied to state criminal defendants pursuing discretionary state appeals, but "it is impossible to escape the conclusion that the logic of *Torna* is equally applicable to petitions for certiorari: because *Moffitt* found there to be no right to counsel in connection with the filing of certiorari petitions, there must be no

-5-

corresponding right to the effective assistance of counsel." *Miller v. Keeney*, 882 F.2d 1428, 1432 (9th Cir. 1989).

As Judge Kozinski stated in *Miller*, "*Torna* which compels the result in this case, rests on a single proposition: If a state is not constitutionally required to provide a lawyer, the constitution cannot place any constraints on that lawyer's performance." *Id.* (internal citations omitted). I agree with Judge Kozinski that whatever the soundness of this logic, it has not commanded the Court's respect in other areas of the law. *See, e.g.*, *Goldberg v. Kelly,* 397 U.S. 254 (1970) (although the constitution does not require a state to assist the indigent, if it chooses to do so it must comport with the requirements of due process); *Widmar v. Vincent,* 454 U.S. 263 (1981) (although the constitution does not require a state university to create a forum generally open for use by student groups, once it has done so it may not discriminate against forms of speech protected by the first amendment).

Judge Kozinski continues:
> Moreover, we cannot overlook the irony inherent in the fact that while the constitution does not require a state to provide any direct appeals at all, *Lucey*, 469 U.S. at 393; *McKane v. Durston*, 153 U.S. 684 (1894), once it has done so a number of constitutional requirements spring into place: The state must provide free transcripts to indigent appellants, *Griffin v. Illinois*, 351 U.S. 12 (1956); cannot require indigent appellants to pay a filing fee, *Burns v. Ohio*, 360 U.S. 252 (1959); and must provide an attorney, *Douglas v. California*, 372 U.S. 353 (1963). Why the provision of appellate counsel beyond the first appeal as of right should be treated any differently is not self-evident.

*Miller*, 882 F.2d at 1432. Nevertheless, it is what the Supreme Court has held, and it applies to this case as it applied in *Miller*. Because Mr. Geiger had no constitutional right to counsel in connection with the filing of a certiorari petition, he had no constitutional right to the effective assistance of counsel for that purpose.

I now turn to the second argument, that the right to counsel continues to exist in the period between losing a direct appeal and filing for discretionary review, so that his attorney was still

performing the role of direct appellate counsel when he missed the Supreme Court's filing deadline and did not advise Mr. Geiger to file a certiorari petition himself.[3] This argument is squarely foreclosed by *Torna*. 455 U.S. at 586. *Torna* denied the right to counsel to a defendant whose petition for discretionary review to the Florida Supreme Court was filed too late. *Id.* at 588. "If *Torna's* right to counsel did not extend to the late filing of a petition for discretionary review, it is difficult to discern a principle according to which the right to counsel could extend to failure to file such a petition altogether." *Miller*, 882 F.2d at 1432.

Though the constitution does not require appellate counsel to continue representation beyond a first appeal of right, the Fourth Circuit's CJA plan does under certain circumstances. Under the Fourth Circuit's CJA plan, appointed attorneys have a duty to pursue certiorari review, if requested by their clients, so long as counsel believes the petition would not be frivolous. *See Austin v. United States*, 513 U.S. 5, 8 (1994); *Proffitt v. United States*, 549 F.2d 910 (4th Cir. 1976), *cert. denied*, 429 U.S. 1076 (1977). Specifically, the plan provides that "counsel shall inform the defendant, in writing, of his right to petition the Supreme Court for a writ of certiorari. If the defendant, in writing, so requests and in counsel's considered judgment there are grounds for seeking Supreme Court review, counsel shall prepare and file a timely petition for such a writ and transmit a copy to the defendant." CJA Plan § V, ¶ 2. The requirements imposed upon attorneys by the CJA plan, however, do not create Sixth Amendment rights in the represented.

Mr. Stennett may have failed to abide by the dictates of the Fourth Circuit's CJA plan by failing to timely file the petition. Nevertheless, Mr. Stennett was no longer acting as counsel for

---

[3] Unlike the mandatory jurisdiction that the United States Courts of Appeals have in first criminal appeals of right, "[r]eview on a writ of certiorari is not a matter of right, but of judicial discretion." Sup. Ct. R. 10 (2006).

petitioner's first appeal as of right; that appeal was over and with it Mr. Geiger's right to effective assistance of counsel. *Miller*, 882 F.2d at 1433. Mr. Stennett's failure to pursue discretionary review was not a violation of Mr. Geiger's constitutional rights and therefore cannot give rise to an ineffective assistance of counsel claim. Indeed, the Supreme Court has held that "In the absence of a constitutional violation, the petitioner bears the risk in federal habeas for all attorney errors made in the course of the representation . . . ." *Coleman v. Thompson*, 501 U.S. 722, 754 (1991). Accordingly, the Court held that a petitioner can succeed with an ineffective assistance of counsel claim "only if it is an independent constitutional violation." *Id.* I **FIND** that Mr. Geiger was not denied the constitutional right to the effective assistance of counsel when his counsel failed to timely file a certiorari petition because the constitution guarantees him no such right. I **FIND**, therefore, that a claim for ineffective assistance of counsel cannot be maintained for counsel's failure to comply with the Fourth Circuit's CJA plan.

## III. Conclusion

The court **ADOPTS** and incorporates herein the Magistrate Judge's findings and recommendation on the second, third, and fourth grounds for relief asserted in petitioner's motion. The court **FINDS**, however, a clear error of law in the Magistrate Judge's findings and recommendation with respect to petitioner's first ground for relief–ineffective assistance of appellate counsel. Upon review, the court **FINDS** that petitioner cannot sustain a claim for ineffective assistance of counsel on a discretionary appeal. Accordingly, the court **DENIES** the movant's Motion to Vacate, Set Aside, and Correct Sentence in its entirety.

-8-

The court **DIRECTS** the Clerk to send certified copies of this Memorandum Opinion and Order to Magistrate Judge Stanley, counsel of record, and to petitioner, pro se.

ENTER:		February 12, 2007

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE